## THE CLATSOP CHIEF.

### (*District Court, D. Oregon.* September 8, 1881.)

1. INJURY TO EMPLOYE ON STEAM-VESSEL.

   The remedy given by section 4493 for an injury to an employe on a steam-vessel is merely cumulative, and does not exclude the right to any other remedy for such injury which may be given by the general admiralty law.

*Sidney Dell* and *W. Scott Bebee*, for libellant.

*D. P. Kennedy*, for the owner and claimant.

DEADY, D. J. On August 9, 1881, the opinion was delivered in this case to the effect that the libellant, Emma Kay, could not, under admiralty rule 15, maintain a proceeding *in rem* and *in personam* in one libel for damages for the death of her husband by a collision, while serving as fireman on the offending vessel—the Clatsop Chief. It was also then suggested whether the libellant could maintain a suit *in rem* at all, in view of the ruling of Chief Justice Chase in *The Highland Light*, (Chase's Dec. 151,) in which it was held that by section 30 of the steam-boat act of 1852, (10 St. 72,) since become section 43 of the act of 1874, (16 St. 445,) and now section 4493 of the Revised Statutes, such remedy, in the case of an injury caused by a neglect to comply with the law governing the navigation of steam-vessels, was confined to passengers, and that persons merely employed thereon were limited to the remedy *in personam* for such injuries. Upon further argument and reflection I think the better conclusion is that the provisions in section 4493 of the Revised Statutes, concerning remedies, are only cumulative, and therefore do not take away or exclude any right to a proceeding *in rem* for an

injury to an employe on a steam-vessel, incurred while in the line of his employment, which was given or allowed by the general admiralty law. See *Brown* v. *The D. S. Cage*, 1 Wood, 404. In addition, it appears that the offending vessel is made subject to a lien by the local law "for damages or injuries done to person or property by such boat or vessel." Or. Laws, 656, § 17, subd. 4. But such lien is thereby postponed to the liens for wages, materials, wharfage, and towage. Id. 657, § 18.

But the conclusion reached upon the first exception at the former hearing must still prevail; for, as has been shown, under admiralty rule 15 the libellant cannot proceed *in rem* and *in personam* at the same time. But she may amend her libel by striking out the vessel or the owner and proceed against the other accordingly.